ANNE M. BEVINGTON (SBN 111320)
SHAAMINI A. BABU (SBN 230704)
ALLAN D. SHULDINER (SBN 252259)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
abevington@sjlawcorp.com
sbabu@sjlawcorp.com
ashuldiner@sjlawcorp.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BAY AREA PAINTERS AND TAPERS PENSION TRUST FUND, and its BOARD OF TRUSTEES; CHRIS CHRISTOPHERSEN and MARIAN BOURBOULIS, TRUSTEES;<br><br>Plaintiffs,<br><br>vs.<br><br>HORIZON PAINTING, a sole proprietorship; NEW HORIZON PAINTING, a sole proprietorship; HORIZON BROTHERS PAINTING, a partnership; DIMITRIOS P. ROZAKIS, an individual; EMMANUEL M. ROZAKIS, an individual; and DOES 1-10,<br><br>Defendants. | Case No.: 4:16-cv-4946<br><br>**COMPLAINT** |

**INTRODUCTION**

This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C §§1001-1461 (1982). In order to protect plan participants and the Federal Pension Benefit Guaranty Corporation, effective September 26, 1980, Congress created withdrawal liability for employers that withdraw from multiemployer pension plans. Due to the importance Congress attributed to those goals, it included two special provisions not generally available to creditors to ensure that withdrawal liability could actually be collected.

1

1      Under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), all trades or businesses under common control are to be treated as a single employer. As stated by the Ninth Circuit in *Bd. of Trs. of W. Conf. Pension Trust Fund v. H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987), the purpose of this provision was "to prevent businesses from shirking their ERISA obligations by fractionalizing operations into many separate entities." The Ninth Circuit again emphasized in *Bd. of Trs. of W. Conf. Pension Trust Fund v. LaFrenz*, 837 F.2d 892, 894 (9th Cir. 1988) that "the point of section 1301(b)(1) is simply to prevent the controlling group of a company from avoiding withdrawal liability by shifting corporate assets into other business ventures under its control."

       Defendant Horizon Painting (" HP") is a sole proprietorship and was a participating employer in the Pension Plan for Pension Trust Fund for Operating Engineers ("Plan"). On or about July 1, 2014, Defendant HP withdrew from participation in the Plan which thereby triggered the Plan to assess withdrawal liability against Defendant HP and all members of its controlled group, for the sum of $61,450.00, under ERISA §4203, 29 U.S.C. §1383. By letter dated September 3, 2015, Plaintiffs notified Defendants HP, New Horizon Painting ("NHP"), Dimitrios P. Rozakis ("Dimitrios Rozakis"), and all members of HP's controlled group of the assessed withdrawal liability. On January 20, 2016, Plaintiffs notified Defendants and all members of HP's controlled group in writing that there was a substantial likelihood that HP would be unable to pay its withdrawal liability and thus, the Plan accelerated the entire unpaid withdrawal liability.

       Defendant Dimitrios Rozakis operates NHP, a sole proprietorship.

       Defendant Horizon Brothers Painting ("HBP") is a partnership with Defendants Dimitrios Rozakis and Emmanuel M. Rozakis ("Emmanuel Rozakis") as partners. Plaintiffs are informed and believe that HBP is a successor to HP, and is therefore liable for HP's withdrawal liability; Dimitrios Rozakis and Emmanuel Rozakis are personally liable as partners of HBP.

       Defendant Dimitrios Rozakis and his spouse were the owners of real property located at 5915 26th Street, Rio Linda, CA 95673 ("26th Street Property") through September 10, 2013, when the property was transferred to Defendants Dimitrios Rozakis and Emmanuel Rozakis as

joint tenants. Plaintiffs are informed and believe that the 26th Street Property was leased to HP, NHP and HBP ("Leasing Business"). Because Dimitrios Rozakis' spouse's ownership interest is attributed to Dimitrios Rozakis, he also owned 100% of the Leasing Business through September 10, 2013. Defendants Dimitrios Rozakis and Emmanuel Rozakis operated a trade or business consisting of real estate leasing related to the 26th Street Property. Defendant Dimitrios Rozakis owned 100% of the Leasing Business as a joint tenant after September 10, 2013.

Defendants HP, NHP, HBP, Dimitrios Rozakis and Emmanuel Rozakis are within the same controlled group and thus are jointly and severally liable for the withdrawal liability.

As of the filing of this Complaint, Defendants are in default on the outstanding withdrawal liability. Plaintiffs therefore, seek a money judgment against Defendants HP, NHP, Dimitrios Rozakis and Emmanuel Rozakis, and each member of Defendant HP's controlled group for an award of the entire assessed withdrawal liability less any credits for recoveries received prior to judgment, plus interest, liquidated damages, attorneys' fees and costs. Plaintiffs also seek injunctive relief against Defendants HP, NHP, Dimitrios Rozakis and Emmanuel Rozakis for failure to provide adequate information relating to any members of Defendant HP's controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

## PARTIES

1.  The Plan is an employee benefit plan as defined in ERISA §3(3), 29 U.S.C. §1002(3), an "employee benefit pension plan" as defined in of ERISA §3(2), 29 §U.S.C. 1002(2); and a "multiemployer plan" as defined in ERISA §§ 3(37) and 4001(a)(3), 29 U.S.C. §§1002(37) and 1301(a)(3). The Plan is jointly administered and is maintained pursuant to the Labor Management Relations Act §302(c), 29 U.S.C. §186(c).

2.  Plaintiffs Chris Christophersen and Marian Bourboulis are members of the Board of Trustees of Plan, the "plan sponsor" within the meaning of ERISA §§3(16)(B)(iii) and 4001(a)(10)(A), 29 U.S.C. §§1002(16)(B)(iii) and 1301(a)(10)(A). They are therefore, fiduciaries of the Plan under ERISA §§3(21)(A) and 402(a), 29 U.S.C. §1002(a). As Trustees of the Plan, they are empowered to bring this action on behalf of the Plan pursuant to ERISA

3

§4301(a)(1) - (b) and §502(a)(3), 29 U.S.C. §§1132(a)(3) and 1451(a)(1) - (b).

3. Defendant HP is a California sole proprietorship with its principal place of business located at the 26th Street Property. Defendant HP is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and National Labor Relations Act ("NLRA") §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

4. Defendant NHP is a California sole proprietorship with its principal place of business located at the 26th Street Property. Defendant NHP is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and NLRA §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

5. Defendant HBP is a partnership with its principal place of business located at the 26th Street Property. Defendant HBP is an employer within the meaning of ERISA §3(5), 29 U.S.C. §1002(5) and NLRA §2(2), 29 U.S.C. §152(2), and is engaged in an industry affecting commerce within the meaning of ERISA §§3(11) and (12), 29 U.S.C. §§1002(11) and (12).

6. Defendant Dimitrios Rozakis is an individual residing in Rio Linda, California, sole owner of Defendant HP and NHP and general partner of HBP.

7. Defendant Emmanuel Rozakis is an individual residing in Rio Linda, California and a partner of Defendant HBP.

8. Plaintiffs are informed and believe that Defendant HBP purchased and/or acquired the assets of HP with notice of HP's withdrawal liability and substantially continued the business operations of HP. Therefore Plaintiffs are informed and believe that Defendant HBP is the successor of Defendant HP.

9. Plaintiffs are informed and believe that, at all relevant times, Defendant Dimitrios Rozakis owned and operated a trade or business by leasing the 26th Street Property to Defendants HP and HBP. Plaintiffs believe that, until on or about September 10, 2013, Dimitrios Rozakis and his spouse owned a 100% interest in the 26th Street Property and therefore the 26th Street Property was owned 100% by Dimitrios Rozakis as a result of spousal attribution. ERISA

1 | §4001(b)(1), 29 U.S.C. §1301(b)(1), and 26 C.F.R. 1.414(c)-4(b).

2 | 10. Plaintiffs are informed and believe that, on or about September 10, 2013, Defendant Emmanuel Rozazkis became a joint tenant with Defendant Dimitrios Rozakis and they owned and operated a trade or business by leasing the 26th Street Property to Defendants NHP and HBP. Joint tenants have the same undivided interest in property, per Cal. Civ. Code §683. Plaintiffs believe that Defendants Dimitrios Rozakis and Emmanuel Rozakis each owned a 100% interest in the 26th Street Property and the Leasing Business. Thus, Defendants Dimitrios Rozakis and Emmanuel Rozakis are treated as a single employer under common control and are jointly and severally liable for Defendant HP's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

11. Defendants DOES 1 through 10 are entities and/or other persons that are within the same controlled group as Defendant HP under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1). Defendants HP, NHP, HBP, Dimitrios Rozakis and Emmanuel Rozakis have failed to provide sufficient information regarding the identities of entities and persons within the same controlled group as Defendant HP as requested by Plaintiffs in accordance with ERISA §4219(a), 29 U.S.C. §1399(a). Thus, Plaintiffs presently do not know the identities of such entities or persons. Plaintiffs are using fictitious names for the Defendants because Plaintiffs are unable to ascertain their true identity at this time. Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiffs will amend the Complaint to add the true name of the additional defendants once their identities are discovered.

**JURISDICTION**

12. Jurisdiction is conferred upon this Court over the claims asserted by the Plaintiffs by virtue of ERISA §§4301(c) and 502(e)(1) and (f) of ERISA, 29 U.S.C. §§1451(c) and 1132(e)(1) and (f). Plaintiffs seek to enforce the provisions of ERISA and the terms of the Plan, redress Defendants' violations of ERISA, and all other appropriate legal or equitable relief under ERISA.

**VENUE**

13. Venue is conferred upon this Court by ERISA §§4301(c) and 502(e)(1), 29 U.S.C. §§1451(d) and 1132(e)(2). Where an action is brought under ERISA §§4301 and 502, 29 U.S.C.

5

Case 4:16-cv-04946-DMR   Document 1   Filed 08/29/16   Page 6 of 13

§§1451 and 1132 in a district court of the United States, it may be brought at Plaintiffs' discretion, in the district where the Plan is administered, where the breach took place, or where a defendant resides or may be found. Process may be served nationwide in any district where a defendant resides or may be found. The Plan, on whose behalf the Trustees brings this action, is administered in this district at its principal place of business in Alameda, California. Thus, jurisdiction and venue are properly grounded with this Court.

## FACTUAL ALLEGATIONS

14.  Defendant HP was a participating employer in the Plan pursuant to a collective bargaining agreement ("Bargaining Agreement") with the District Council 16 of the International Union of Painters and Allied Trades ("Union"). The Union is a labor organization as defined in of the NLRA §2(5), 29 U.S.C. §152(5) that represents employees in an industry affecting interstate commerce. Defendant HP was obligated to and did make contributions to the Plan on behalf of their employees that were covered under that Bargaining Agreement.

15.  On or about July 1, 2014, Defendant HP made a complete withdrawal under ERISA §4203, 29 U.S.C. §1383, from participation in the Plan.

16.  By written notice dated September 3, 2015, Plaintiffs notified Defendants HP, NHP and Dimitrios Rozakis, and all members of HP's controlled group, of the withdrawal liability assessed pursuant to ERISA §§4201-4203, 29 U.S.C. §§1381, et seq. Specifically, the Plan notified Defendants of the following in its notice dated September 3, 2015, which is attached hereto as **Exhibit 1** and incorporated herein by this reference:

(a)  The Plan had a fiscal year running from January 1 through December 31 and therefore, the withdrawal liability is calculated as of December 31, 2013, as required by ERISA §4211(b)(2)(A), 29 U.S.C. §1391(b)(2)(A).

(b)  The withdrawal liability of Defendant HP in the amount of $61,450.00 could be paid lump sum or in quarterly installments as follows:

$5,844.00     December 1, 2015
$5,844.00     March 1, 2016
$5,844.00     June 1, 2015

6

P:\CLIENTS\PATWL\CASES\Horizon Painting\Pleadings\Complaint\Complaint AS 082416.doc     COMPLAINT

| | |
|---|---|
| $5,844.00 | September 1, 2015 |
| $5,844.00 | each successive quarter through June 1, 2018 |
| $1,343.00 | September 1, 2018 |

(c) Defendants had the option of challenging the calculation of the withdrawal liability by requesting review within ninety (90) days from receiving the notice of the withdrawal liability assessment as provided by ERISA §4219(b)(2), 29 U.S.C. §1399(b)(2).

(d) Any dispute concerning a determination of withdrawal liability must be resolved through arbitration provided that the employer requested review and arbitration was timely initiated under ERISA §4221(a), 29 U.S.C. §1401(a).

(e) Information and documents regarding all trades and businesses under common control with Defendant HP were required to be provided within thirty (30) days pursuant to ERISA §4219(a), 29 U.S.C. §1399(a).

17. In order to initiate arbitration under section ERISA §4221(a)(1), 29 U.S.C. §1401(a), an employer must first request review of the assessed withdrawal liability. Section XV of the Plan's Withdrawal Liability Procedures mirrors ERISA §4219(b)(2)(A), 29 U.S.C. §1399(b)(2)(A) which requires an employer's request for review to be in writing. Neither Defendants HP, NHP or Dimitrios Rozakis, nor any other member of HP's controlled group, requested review, and therefore they are precluded from initiating arbitration, and the time to do so has expired.

18. Defendants failed to make any of the required quarterly installment payments or provide sufficient information regarding controlled group members.

19. On January 20, 2016, Plaintiffs notified Defendants in writing that, pursuant to Section XIII of the Plan's Withdrawal Liability Assessment Procedures (attached as Exhibit B to the September 3, 2015 written notice), ERISA §4219(c)(5)(b), 29 U.S.C. §1399(c)(5)(b) and PBGC §4219.31(b)(2), that Defendants' unpaid withdrawal liability would be accelerated because HP has closed, indicating a substantial likelihood that HP will be unable to pay its withdrawal liability. This written notice dated January 20, 2016 is attached hereto as **Exhibit 2** and incorporated herein by this reference. As of the filing of this Complaint, Defendants have

1 | not made any of the required withdrawal liability payments and thus are in default under ERISA
2 | §4219(c)(5), 29 U.S.C. §1399(c)(5).

3 | 20. Plaintiffs are informed and believe that Defendant HP has gone out of business,
4 | and has liquidated and/or sold its assets.

5 | 21. According to the California Contractors State License Board ("CSLB") Defendant
6 | HP obtained its California contractor's license on April 10, 1998. The CSLB indicates that the
7 | person associated with HP is Dimitrios Rozakis (sole owner). According to the CSLB,
8 | Defendant HP's contractor's license is inactive.

9 | 22. According to the CSLB, Defendant HBP obtained its California contractor's
10 | license on September 25, 2012. The CSLB indicates that the persons associated with HBP are:
11 | Dimitrios Peter Rozakis (general partner) and Emmanuel Mike Rozakis (qualify partner).
12 | According to the CSLB, Defendant HBP's contractor's license is active.

13 | 23. According to the CSLB Defendant NHP obtained its California contractor's
14 | license on November 20, 2013. The CSLB indicates that the person associated with HP is
15 | Dimitrios Rozakis (sole owner). According to the CSLB, Defendant NHP's contractor's license
16 | is inactive.

17 | 24. Plaintiffs are informed and believe and on that basis allege that HBP assumed the
18 | same body of customers as its predecessor HP. In addition, Plaintiffs are informed and believe
19 | that Defendant HBP is operating out of the same address formerly associated with HP, and is
20 | performing substantially the same services as HP under a similar name.

## FIRST CAUSE OF ACTION
### Against Defendants for Violation of ERISA §4219, 29 U.S.C. §1381: Request for Payment of Withdrawal Liability, Interest, Liquidated Damages, Attorneys' Fees and Costs

24 | 25. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 24, above.
25 | 26. On or about July 1, 2014, Defendant HP made a "complete withdrawal" from the
26 | Plan as that term is defined in ERISA §4203, 29 U.S.C. §1383, et seq.
27 | 27. Plaintiffs are informed and believe that, at all relevant times, Defendant Dimitrios
28 | Rozakis was the sole owner of Defendant HP.

P:\CLIENTS\PATWL\CASES\Horizon Painting\Pleadings\Complaint\Complaint AS 082416.doc                                    COMPLAINT

28. Plaintiffs are informed and believe that, at all relevant times, Defendant Dimitrios Rozakis was the sole owner of Defendant NHP. Thus, Defendants HP and NHP are treated as a single employer under common control and are jointly and severally liable for Defendant HP's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

29. Plaintiffs are informed and believe that, at all relevant times, Defendant Dimitrios Rozakis owned and operated a trade or business by leasing the 26th Street Property to Defendants HP and HBP. Plaintiffs believe that, until September 10, 2013, Dimitrios Rozakis and his spouse owned a 100% interest in the 26th Street Property and therefore the 26th Street Property was owned 100% by Dimitrios Rozakis as a result of spousal attribution. ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1), and 26 C.F.R. 1.414(c)-4(b).

30. Plaintiffs are informed and believe that, since September 10, 2013, Defendant Emmanuel Rozazkis became a joint tenant with Defendant Dimitrios Rozakis and they owned and operated a trade or business by leasing the 26th Street Property to Defendants NHP and HBP. Plaintiffs believe that, at all relevant times, Defendants Dimitrios Rozakis and Emmanuel Rozakis each owned a 100% interest in the 26th Street Property and the Leasing Business. Thus, Defendants Dimitrios Rozakis and Emmanuel Rozakis are treated as a single employer under common control and are jointly and severally liable for Defendant HP's withdrawal liability pursuant to ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1).

31. On September 3, 2015, Plaintiffs assessed withdrawal liability against Defendants HP, NHP, Dimitrios Rozakis, and all members of HP's controlled group.

32. To date, the delinquent quarterly installment payments have not been received by the Plan from Defendants. In addition, Defendants failed to make any delinquent installment payments after written notice from the Plan accelerated those payments and therefore are in default under ERISA §4219(c)(5), 29 U.S.C. §1399(c)(5), and the entire unpaid withdrawal liability, plus accrued interest on the entire unpaid amount from December 1, 2015, is due.

33. Accordingly, Plaintiffs seek judgment against Defendants for the entire amount of the unpaid withdrawal liability of $61,450.00, plus accrued interest from the due date of the first delinquent payment pursuant to ERISA §§4219(c)(5) and 502(g)(2), 29 U.S.C. §§1399(c)(5) and

1132(g)(2).

34. ERISA §4301(b), 29 U.S.C. §1451(b) provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA §515, 29 U.S.C. §1145. Thus, Defendants are also liable for liquidated damages and costs, including reasonable attorneys' fees, pursuant to ERISA §§4301(b) and 502(g)(2), 29 U.S.C. §§1301(b) and 1132(g)(2). The Plan provides for interest at the prime rate plus 3%, or 6.5%, per annum and for liquidated damages in an amount equal to the greater of 20% of the total unpaid withdrawal liability or interest on the total unpaid withdrawal liability.

35. Plaintiffs, therefore, seek a money judgment against Defendants for an award of the entire balance of the unpaid withdrawal liability less any credits for recoveries received before the time of judgment, plus interest, an amount equal to the greater of liquidated damages or interest, and costs, including attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Against Defendant HBP)**
**(Federal Common Law Successor Liability)**

36. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 35, above.

37. Under the federal common law successorship doctrine, liabilities of the predecessor may be passed to the successor where 1) the subsequent employer substantially continues the business operations of the predecessor, and 2) the subsequent employer had notice of the potential liability. *Steinbach v. Hubbard,* 51 F.3d 843, 845-846 (9th Cir. 1995). Successor liability has been extended to almost every employment statute, including ERISA. *Upholsterers' Int'l Union Pension Fund v. Artistic Furniture of Pontiac,* 920 F.2d 1323 (7th Cir. 1990); *Hawaii Carpenters v. Waiola Carpenter Shop, Inc.,* 823 F.2d 289, 295 (9th Cir. 1987).

38. The 9th Circuit specifically held that an employer as a successor can be liable for the withdrawal liability of its predecessor where 1) the successor had notice of the liability, and 2) there is a substantial continuity in the business operations between predecessor and the successor, with strong deference given to evidence of the successor's assumption of the predecessor's customers. *Resilient Floor Covering Pension Trust Fund Bd. of Trs. v. Michael's*

*Floor Covering, Inc.*, 801 F.3d 1079 (9th Cir. 2015).

39. Plaintiffs are informed and believe and on that basis allege that Defendant HBP acquired the assets and business operations of Defendant HP with both actual knowledge and constructive notice of HP's participation in the Plan and its liability to the Plan for withdrawal liability.

40. Plaintiffs are informed and believe and on that basis allege that Defendant Dimitrios Rozakis had actual knowledge and constructive notice of the withdrawal liability due to HP's participation in the Plan and its receipt of annual funding notices prepared by the Plan. Since Defendant Dimitrios Rozakis is a general partner of HBP, his knowledge is imputed to the partnership.

41. Plaintiffs are informed and believe and on that basis allege that HBP assumed the same body of customers as its predecessor HP. In addition, Plaintiffs are informed and believe that Defendant HBP is operating out of the same address formerly associated with HP.

42. Plaintiffs are informed and believe and on that basis allege that Defendant HBP acquired and/or obtained possession of the assets of HP and substantially continued HP's painting business operations providing the same services; using the same facilities and equipment; operating under a similar name; and completing painting work for the same customer base.

43. Plaintiffs allege that under the totality of the circumstances, there are sufficient indicia of continuity between HP and HBP to hold HBP liable as the successor in interest to HP for purposes of ERISA.

44. By virtue of successor status, HBP is liable for HP's withdrawal liability obligation owed to the Plan.

### THIRD CAUSE OF ACTION
### Against Defendants for Violation of ERISA §4219(a), 29 U.S.C. §1399(a): Failure to Provide Required Information under ERISA

45. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 44, above.

46. In violation of ERISA §4219(a), 29 U.S.C. §1399(a), Defendants have failed to provide the Plan with all necessary information relating to any member within Defendant HP's

controlled group under ERISA §4001(b)(1), 29 U.S.C. §1301(b)(1) and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

47. The failure of Defendants to make the quarterly withdrawal liability payments and provide information regarding controlled group members in accordance with ERISA §4219(c)(2), 29 U.S.C. §1399(c)(2) has caused the Plan to sustain loss of investment income and incur administrative and legal expenses.

48. Defendants' failure to comply with the law has caused the Plan to suffer immediate, continuing, and irreparable injury, and Plaintiffs are without an adequate remedy at law.

49. Due to Defendants' failure to provide sufficient information, Plaintiffs are required to name its unknown controlled group members and parties who engaged in transactions to evade its withdrawal liability as fictitious defendants until their true identities can be discovered.

50. Thus, injunctive relief as prayed for below is proper.

**PRAYER**

WHEREFORE, Plaintiffs pray for the following relief:

1. For a judgment providing that Defendants as well as all other members of Defendant HP's controlled group are jointly and severally liable to immediately pay to Plaintiffs the following sums:

(i) The unpaid withdrawal liability of $61,450.00, less any credits for recoveries received before the time of judgment;

(ii) Interest at the rate of 6.5% simple interest per annum pursuant to ERISA §§4219(c)(5)-(6) and 502(g)(2), 29 U.S.C. §1399(c)(5) and (6) and 1132(g)(2);

(iii) Pursuant to ERISA § 502(g)(2)(C), 29 U.S.C. § 1132(g)(2)(C), liquidated damages equal to the greater of:

(a) The interest on the total unpaid withdrawal liability as of the due date of the first withdrawal installment payment which was not timely made, or

1         (b)     An amount equal to twenty percent (20%) of the amount of unpaid withdrawal liability; and

        (iv)     Attorneys' fees and costs incurred by Plaintiffs in connection with this action as permitted by ERISA §§4301(e) and 502(g), 29 U.S.C. §§1451(e) and 1132(g).

2.     For injunctive relief ordering Defendants to provide documentation of all trades or businesses which are within HP's controlled group as defined in ERISA §4001(b)(1), 29 U.S.C. §1301(b), and any transactions to evade its withdrawal liability under ERISA §4212, 29 U.S.C. §1392.

3.     Such other relief as this Court deems appropriate.

Dated: August 25, 2016

SALTZMAN & JOHNSON
LAW CORPORATION

By: /S/ Allan D. Shuldiner
Allan D. Shuldiner
Attorneys for Plaintiffs